986 F.2d 1462
 UNITED STATES of America, Appellee,
v.
Carlos RESTREPO; Jorge Orrego; Carlos Andrade; Jose
Rincon; Aquilera Martinez; Alexander Lara;
Moises Gomez; Omar Ospima, and Ana
Ruiz, Defendants,
Jose Rivera, Defendant-Appellant.
 No. 700, Docket 92-1417.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 8, 1993.
Decided Feb. 18, 1993.
 
 1
 Larry Silverman, New York City, for defendant-appellant.
 
 
 2
 David James, New York City, Asst. U.S. Atty. E.D.N.Y. (Andrew J. Maloney, U.S. Atty.), for appellee.
 
 
 3
 Before: PRATT, MAHONEY, Circuit Judges, and DANIEL M. FRIEDMAN, Circuit Judge, of the United States Court of Appeals for the Federal Circuit, sitting by designation.
 
 OPINION AND ORDER ON REARGUMENT
 
 4
 Defendant Jose Rivera pled guilty on the third day of his trial to four counts of the superseding indictment, and was sentenced on each of the four counts concurrently to 168 months. He appealed that judgment contending (1) that the district court should have permitted him to withdraw his plea of guilty and (2) that the district court erred in applying various provisions of the sentencing guidelines to his situation. By summary order dated January 13, 1993, 990 F.2d 622, we affirmed his conviction in all respects.
 
 
 5
 On this motion for reargument defendant's counsel, Larry J. Silverman, urges that we overlooked his contention that the sentence on Count 2 exceeded the statutory maximum of five years. He also contends that we gave inadequate consideration to his claims that the district court had failed to comply with Fed.R.Crim.P. 11 and that the district court had erred in its guidelines determinations as to the base offense level, defendant's role in the offense, and the enhancement for obstruction of justice. After reconsideration, we still see no merit in defendant's claims of errors with respect to rule 11 and with respect to the district court's application of the sentencing guidelines.
 
 
 6
 We do wish to thank defense counsel, however, for finally bringing to our attention in a proper manner the district court's error in imposing a 168-month sentence on Count 2, conspiracy to launder money in violation of 18 U.S.C. §§ 371 and 1956. The statutory maximum for that count is five years; any sentence in excess thereof would be legally erroneous and must be corrected.
 
 
 7
 We note that the statutory maximum was not simply overlooked by the district court. The transcript of the sentencing proceeding reports that the court and counsel discussed the maximum sentence on Count 2. Because the oral sentence controls over a subsequent erroneous judgment, United States v. Marquez, 506 F.2d 620, 622 (2d Cir.1974), we must look to the actual sentence imposed. Unfortunately, when the court did pronounce sentence it said, "On count 2, so that's 62 months." Of course, the correct figure would have been 60 months. To eliminate any doubt this court obtained and listened to the original tape recording of the proceeding. While the district judge clearly stated "62 months", we are satisfied that he simply misspoke, perhaps blending "Count 2" with "60 months", and that he intended to impose the correct sentence of 60 months.
 
 
 8
 We also note that on the appeal counsel mentioned this error only in one of the 28 footnotes appended to his 50-page brief. He did not list the point as one of the issues on appeal, nor did he mention it as one of the points in the argument portion of his brief. Indeed, he did not even mention it as a sub-part of one of the particular arguments that he did identify.
 
 
 9
 We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review. The enormous volume of briefs and arguments pressed on each panel of this court at every sitting precludes our scouring through footnotes in search of some possibly meritorious point that counsel did not consider of sufficient importance to include as part of the argument.
 
 
 10
 Counsel's obligations in advancing arguments on appeal are spelled out specifically in rule 28 of the Federal Rules of Appellate Procedure. The brief of the appellant must contain "under appropriate headings" (1) a table of contents, (2) a statement of jurisdiction, (3) a statement of the issues presented for review, (4) a statement of the case, (5) an argument containing the contentions of the appellant with respect to the issues presented, and (6) a short conclusion "stating the precise relief sought." Rivera's original brief failed to satisfy requirements numbered (3), (5), and (6) in a way that would properly present to us the error in sentencing that is now brought to our attention.
 
 
 11
 If this were not a matter that could also be raised by collateral attack, we would consider the claim of a two-month error in sentence as having been waived. Reference to a claim in a footnote, without its having been identified in the manner required by rule 28 as one of the issues presented for review, as part of the argument, and as part of the relief sought, would be insufficient to present the claim for review on direct appeal. Nevertheless, because the sentence imposed here was "in excess of the maximum authorized by law" and, therefore, expressly made subject to correction under 28 U.S.C. § 2255, we take the opportunity afforded to us by counsel on this motion for reargument to require the district court to correct the sentence, without the necessity of defendant's bringing an additional proceeding.
 
 
 12
 Accordingly, defendant's motion for reargument is granted to the extent that the sentence on Count 2 is vacated. The case is remanded with a direction that the district court impose a sentence on Count 2 that does not exceed the five-year statutory maximum. In all other respects the motion for reargument is denied.