**Steve LOPEZ, Petitioner–Appellant,**

**v.**

**Israel RIVERA, Superintendent, Respondent–Appellee.**

**No. 03–2974.**

United States Court of Appeals, Second Circuit.

Nov. 30, 2005.

Julia Pamela Heit, New York, N.Y., for Appellant.

Donna Aldea, Assistant District Attorney (John M. Castellano, Assistant District Attorney, on the brief), for Richard A. Brown, District Attorney, Queens County, Kew Gardens, N.Y., for Appellee.

Present: KATZMANN, WESLEY, Circuit Judges and EATON, Judge.[1]

### SUMMARY ORDER

Petitioner–Appellant Steve Lopez appeals from the judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *District Judge* ), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that his trial counsel was ineffective in failing to (1) contact or call his employer, who allegedly could have corroborated petitioner's alibi, and (2) introduce allegedly exculpatory material, specifically, petitioner's time card and passport. Petitioner also alleges that New York's long-standing evidentiary rule that prohibits a defense witness from testifying as to his personal opinion of the victim's character for truthfulness violated his constitutional rights. We assume the parties' familiarity with the underlying facts and procedural history of the case. For the reasons that follow, we affirm.

We review *de novo* a district court's denial of relief under § 2254. *See Brown v. Artuz*, 283 F.3d 492, 497 (2d Cir.2002). Pursuant to § 2254(d), habeas relief may not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was based upon an unreasonable determination of the facts in light of the evidence in the state court record. 28 U.S.C. § 2254(d). "Clearly established Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of the Court's decisions as of the time of the relevant state-court decision." *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.2002). Such law involves both any "generalized standard enunciated in the Court's case law" as well as "a bright-line rule designed to effectuate such a standard in a particular context." *Id.*

■ To make out a claim of ineffective assistance of counsel, the petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, the petitioner must do more than "convince a federal habeas court that, in its independent judgment, the state court applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Cox v. Donnelly*, 387 F.3d 193, 197 (2d Cir.2004) (quoting *Bell v. Cone*, 535 U.S. 685, 699, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002)) (brackets in original). In the instant case, the state court held that petitioner's trial counsel provided "meaningful representation," and that petitioner had offered no evidence to support his claim that his counsel failed to investigate an alleged alibi witness. We cannot conclude that the state court, in reaching its conclusion, applied *Strickland* in an objectively unreasonable manner. We also note that counsel's failure to introduce the

---

1. The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

two purportedly exculpatory documents was neither objectively unreasonable, as such failure was likely strategic, nor prejudicial, as the documentary evidence lends questionable support to petitioner's case. Accordingly, petitioner's claim of ineffective assistance of counsel is without merit.

■ Next, petitioner contends that he was denied his right to put forward a complete defense because the trial court refused to allow the victim's father—a witness for the defense—to testify as to his personal opinion of the victim's veracity, as opposed to her reputation for truthfulness. Because petitioner has identified no way in which this long-standing New York state evidentiary rule contravenes any well-established Supreme Court law, *see Williams v. Taylor,* 529 U.S. 362, 381, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), nor any basis for concluding that the exclusion "deprived [him] of a fundamentally fair trial," *Zarvela v. Artuz,* 364 F.3d 415, 418 (2d Cir.2004) (internal quotation marks and emphasis omitted) (brackets in original), petitioner cannot prevail on habeas review.[2]

Accordingly, for the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

**2.** Petitioner's brief spends a fair amount of time attacking the sufficiency of the evidence, the credibility of the prosecution's witnesses, the prosecution's use of expert testimony, and the prosecutor's use of hypothetical questions. These issues are all well beyond the scope of the certificate of appealability and are not properly before us. *See Hines v. Miller,* 318 F.3d 157, 162 (2d Cir.2003) (no jurisdiction to review claims not included in the certificate of appealability). Finally, with regard to the prosecution's use of expert testimony, petitioner argues that prior counsel was ineffective for failing to raise this issue on appeal.

Petitioner therefore requests a stay and abeyance so that he may submit a writ of coram nobis to the state appellate division. This claim also fails, not only because it was not encompassed by the certificate of appealability, *see id.,* and was only raised in a footnote, *see United States v. Restrepo,* 986 F.2d 1462, 1463 (2d Cir.1993), but also because petitioner failed to demonstrate "good cause" for having failed to exhaust this claim in state court. *See Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).