08-4749-cv
Milanes v. Napolitano

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand nine.

PRESENT:   REENA RAGGI,
           PETER W. HALL,
                   *Circuit Judges*,
           BRIAN M. COGAN,
                   *District Judge*.[*]

--------------------------------------------------------------------------------
VIRGINIA MILANES, OMAR MIGUEL FARFAN,
MANUEL ALBERTO MARTINEZ, ANDRES
GIOVANNY SANCHEZ, NANCY CASTRO,
MARGOTH PEREZ DE CHALAMPA, on behalf of
themselves and all others similarly situated,
                   *Plaintiffs-Appellants*,[**]
                   v.                                    No. 08-4749-cv

JANET NAPOLITANO, in her official capacity as

--------------------------------------------------------------------------------

[*] District Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

[**] We direct the Clerk of Court to amend the official caption as noted.

Secretary of the Department of Homeland Security,
JONATHAN SCHARFEN, in his official capacity as the
Acting Director of the United States Citizenship and
Immigration Services, ANDREA QUARANTILLO, in
her official capacity as District Director of the New York
City District of the United States Citizenship and
Immigration Services, ERIC H. HOLDER, JR., in his
official capacity as Attorney General of the United States,
ROBERT S. MUELLER, III, in his official capacity as
Director of the Federal Bureau of Investigation,

*Defendants-Appellees.*[***]

---------------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    JANE GREENGOLD STEVENS, New York Legal Assistance Group (James W. Quinn, Richard W. Slack, Malick W. Ghachem, Caroline Zalka, Morgan F. Frontczak, Weil Gotshal & Manges LLP, Yisroel Schulman, Jason Parkin, New York Legal Assistance Group, Foster Maer, Jackson Chin, Alan Levine, LatinoJustice, *on the brief*), New York, New York.

APPEARING FOR APPELLEES:    ROBERT WILLIAM YALEN, Assistant United States Attorney (Tomoko Onozawa, Kirti Vaidya Reddy, Elizabeth Wolstein, Assistant United States Attorneys, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Lawrence M. McKenna, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgments entered on August 7, 2008, and September 11, 2008, are

---

[***] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Janet Napolitano, Jonathan Scharfen, and Eric H. Holder, Jr., are automatically substituted for their predecessors as defendants in this case.

2

VACATED in part, and the case is REMANDED to the district court.

When they filed this putative class action, plaintiffs were six lawful permanent residents awaiting decisions on their naturalization applications. They sued (1) to expedite the processing of their naturalization applications and those of putative class members, and (2) to invalidate the policy of conducting Federal Bureau of Investigation name checks on each naturalization application. They now appeal the dismissal of their complaint, the denial of class certification, and the denial of their motion for reconsideration. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Preliminarily, we must consider whether we have jurisdiction over the appeal. Because the six named plaintiffs have been naturalized, the government urges us to dismiss the appeal as moot. See, e.g., Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 84 (2d Cir. 2005) ("When the issues in dispute between the parties are no longer live, a case becomes moot, and the court – whether trial, appellate, or Supreme – loses jurisdiction over the suit, which therefore must be dismissed." (internal citations and quotation marks omitted)). When a class action has been certified, mootness of the dispute between the named plaintiff and the defendant does not render other class members' claims nonjusticiable. See, e.g., Sosna v. Iowa, 419 U.S. 393, 401 (1975). Here, however, no class has yet been certified. In such cases, the Supreme Court has allowed named plaintiffs whose

3

individual claims have become moot to appeal only the denial of class certification. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 404 (1980).

Plaintiffs' opening brief mentions the class certification issue in a lone footnote. While we generally "do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review," United States v. Restrepo, 986 F.2d 1462, 1463 (2d Cir. 1993), we nevertheless retain "ample discretion to excuse such a failure," Salahuddin v. Goord, 467 F.3d 263, 276 n.6 (2d Cir. 2006). We do so here because (a) there was no surprise to the government, (b) the district court rested its class certification decision on the merits of plaintiffs' claims, and (c) plaintiffs have now extensively argued the issue. See id.; Mitchell v. Fishbein, 377 F.3d 157, 164-65 (2d Cir. 2004).

Because the district court did not address the requirements for class certification separately from the merits of plaintiffs' claims and our jurisdiction depends on resolution of that issue, we vacate the denial of class certification and remand for the district court to consider class certification in the first instance. In considering, on remand, whether the prerequisites for a class action are satisfied, see Fed. R. Civ. P. 23(a), the district court will need to decide who, if anyone, can "fairly and adequately" represent the class, including representing the class on appeal from dismissal, id.; see also United States Parole Comm'n v. Geraghty, 445 U.S. at 405-07. It may also consider whether to construct sub-classes based, in part, on the discrete agency action that particular class members ask the court to compel.

4

See Fed. R. Civ. P. 23(c)(5); see also 5 U.S.C. § 706(1); Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004).

Accordingly, we VACATE the judgments in part, and REMAND the case to the district court for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:_____