07-5076-ag
Lin v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the second day of September, two thousand and ten.

PRESENT:

    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    DENNY CHIN,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHUN WANG LIN,

        *Petitioner,*

    v.                          No. 07-5076-ag

ERIC H. HOLDER, JR., United States Attorney General,

        *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PETITIONER:** | THEODORE N. COX, New York, NY. |
| **FOR RESPONDENT:** | PATRICIA L. BUCHANAN, Assistant United States Attorney, (Preet Bharara, United States Attorney, *on the brief,* Sarah S. Normand, *of counsel*) United States Attorney's Office for the Southern District of New York, New York, NY. |

1

**UPON CONSIDERATION** of the petition for review of a Board of Immigration Appeals decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Chun Wang Lin ("petitioner" or "Lin") petitions for review of an October 31, 2007 decision by the Board of Immigration Appeals (BIA) denying his motion to file a successive asylum application based on changed personal circumstances. The BIA held that Lin, as an alien subject to a final order of removal, could not file a successive application for asylum unless he did so as part of a timely and properly filed motion to reopen the proceedings. *See Matter of C-W-L*, 24 I. & N. Dec. 346, 349-54 (BIA 2007) (interpreting INA §§ 208(a)(2)(D), 240(c)(7), and 8 C.F.R. §§ 1003.2, 1208.4).

On August 15, 2008, after Lin had filed his opening brief with our Court, we issued our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir. 2008). In *Jin*, we affirmed the BIA's holding in *Matter of C-W-L* with respect to discretionary forms of relief, including asylum. We also held (1) that the BIA's decision did not violate an alien's right to due process of law, because aliens do not enjoy a protected liberty or property interest in the right to discretionary relief, and (2) even assuming that aliens enjoy a protected constitutional interest in asylum, the procedures required by the BIA satisfy due process of law. *Id.* at 156-57. We did not, however, reach the question of whether the BIA's requirements violate due process of law with respect to mandatory forms of relief, including relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T. S. 85, and relief under the statute providing for withholding of removal, 8 U.S.C. § 1231(b)(3) (2006). *Id.* at 157 n.6 ("[A]ny 'complications' in due process analysis arising from interests in withholding of removal or relief under the CAT are not at issue here.").

Lin now argues that the BIA's decision in *Matter of C-W-L*, 24 I. & N. Dec. 346, violates due process of law with respect to relief under CAT and the withholding of removal statute. We assume the parties' familiarity with the remaining factual and procedural history of the case.

(i)

The government asserts that we should not reach the constitutional question presented on appeal because Lin did not adequately preserve the claim for review. We disagree. Despite Lin's relatively cursory consideration of the due process issue, he goes beyond merely stating the issue without argument, *see Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009), beyond raising it solely in a footnote, *see United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993), and beyond incorporating the claim only by reference to an earlier proceeding or filing, *see Frank v. United States*, 78 F.3d 815,

2

833 (2d Cir. 1996), *vacated on other grounds*, 521 U.S. 1114 (1997). In sum, we find that he preserved his claim.

(ii)

We review the BIA's denial of a motion to reopen for abuse of discretion, *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005), and its legal conclusions *de novo*, *Perez Suriel de Batista v. Gonzales*, 494 F.3d 67, 69 (2d Cir. 2007). Lin argues that he was deprived of due process of law by the BIA's requirement that an alien must file a successive asylum application as part of a timely motion to reopen the proceedings. Assuming *arguendo* that Lin is entitled to protection under the Due Process Clause, we hold that Lin received adequate process.

In evaluating the constitutional sufficiency of procedural protections, we consider the three factors prescribed by *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976): (1) "the private interest at stake," (2) "the risk of an erroneous deprivation of that interest through the procedures used and the probable value (if any) of alternative procedures," and (3) "the government's interest, including the possible burdens of alternative procedures." *Kuck v. Danaher*, 600 F.3d 159, 163 (2d Cir. 2010) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). We also note that "[t]he requirements of the due process clause are flexible and dependent on the circumstances of the particular situation examined. . . . [W]e think that the protected right to avoid deportation or return to a country where the alien will be persecuted warrants a hearing where the likelihood of persecution can be fairly evaluated." *Jin*, 538 F.3d at 157 (quoting *Augustin v. Sava*, 735 F.2d 32, 37 (2d Cir. 1984)).

Lin already received adjudication of his initial asylum application and a full and fair removal hearing. Furthermore, Lin enjoyed the opportunity to submit, within 90 days of his final order of removal, a motion to reopen the proceedings based on changed personal circumstances. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). If Lin's changed circumstances had been based on changed conditions within his country of nationality or in the country to which he was ordered removed, the 90-day time limit would not have applied and Lin could have submitted a motion to reopen at any time. 8 C.F.R. § 1003.2(c)(3). These procedures are reasonable and constitutionally sufficient. As our sister circuit explained in *Xiu Mei Wei v. Mukasey*, 545 F.3d 1248, 1257 (10th Cir. 2008): "[D]ue process does not guarantee a party the right to make the same claim before a tribunal repeatedly."

Here, moreover, the government's interest in preventing unlimited successive petitions for relief is supported by concerns of public policy. An alien already receives the opportunity to reopen his proceedings if his personal circumstances change within 90 days of a final order of removal. Eliminating the 90-day restriction would allow an alien to reopen the proceedings indefinitely into the future based on circumstances that can change by his own volition. We conclude in this case as we did in *Jin*: "[S]ome restriction[s] that cannot be manipulated by petitioners must be in place, lest

3

petitioners take advantage of the system by 'manufacturing'" a new case. *Jin*, 538 F.3d at 155-56.

(iii)

On November 30, 2007, Lin filed *another*, separate motion with the BIA to reopen his removal proceedings in order to apply for adjustment of status based on an approved visa petition filed by his wife. On February 20, 2008, the BIA denied Lin's motion to reopen as untimely under the 90-day filing period. On March 6, 2008, Lin filed a petition for review of the BIA's February 20, 2008 order. Upon docketing the petition, we consolidated it with Lin's previously filed petition and designated the earlier petition as the lead case. Neither in his opening brief on June 2, 2008, nor in his supplemental brief on September 24, 2009, nor even at oral argument on August 23, 2010, did Lin make any arguments pertaining to his petition for review of the November 30, 2007 BIA decision. Accordingly, we find that Lin waived his claims regarding that petition. *See, e.g.*, *Norton v. Sam's Club, Inc.*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

**CONCLUSION**

To summarize:

(1) Petitioner Lin did not waive his due process challenge to the BIA's decision in *Matter of C-W-L*, 24 I. & N. Dec. 346.

(2) Assuming, without deciding, that Lin is entitled to due process of law with respect to his claims under CAT and § 1231(b)(3), the BIA's procedural requirements pass constitutional muster. Therefore, the BIA did not abuse its discretion in dismissing Lin's motion to file a successive asylum application for failure to file a timely motion to reopen.

(3) Petitioner has waived his claims regarding the petition for review filed November 30, 2007.

We have considered each of Lin's arguments on appeal and find them to be without merit. For the reasons stated above, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court