10-538-cv
Williams v. Citigroup Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of August, two thousand eleven.

Present:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

LINDA GRANT WILLIAMS,

> *Plaintiff-Appellant*,

> v.                             No. 10-538-cv

CITIGROUP INC., CITIGROUP GLOBAL MARKETS INC.,

> *Defendants-Appellees.*

_____

For Plaintiff-Appellant:          MICHAEL A. BOWSE, Browne Woods George LLP, Los Angeles, Cal. (Lee A. Weiss, Browne Woods George LLP, New York, N.Y., *on the brief*).

For Defendants-Appellees:         CARMINE D. BOCCUZZI, Cleary Gottlieb Steen & Hamilton LLP, New York, N.Y. (Leah Brannon, Cleary Gottlieb Steen & Hamilton LLP, Washington, D.C., *on the brief*).

Appeal from the United States District Court for the Southern District of New York

(Preska, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, the February 8, 2010 order of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Linda Grant Williams appeals from a November 3, 2009 judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*) dismissing her complaint and from the district court's February 8, 2010 order denying her postjudgment motion for reargument and reconsideration of that dismissal and for leave to replead. On appeal, Williams asserts, *inter alia*, that the district court erred by granting Citigroup's Rule 12(b)(6) motion to dismiss as to her federal claims.[1]

Williams is an attorney licensed in the state of New York who specializes in facility financing. She alleges that she has developed an improved, patent-pending structure for Airline Special Facility bonds ("ASF bonds"), which are issued by municipalities to finance the construction and renovation of airport terminals. Defendant-Appellee Citigroup Inc., through its wholly owned subsidiary Citigroup Global Markets Inc. (together, "Citigroup"), is a major underwriter of ASF bonds. We presume the parties' familiarity with the remaining facts and procedural history of this case.

We review the district court's Rule 12(b)(6) dismissal *de novo*, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). "To survive a

---

[1] We address in our accompanying opinion Williams's additional arguments that the district court erred by dismissing the complaint without granting leave to replead, denying her postjudgment motion, and exercising supplemental jurisdiction to dismiss her state law claims with prejudice. That opinion sets forth additional background facts as well as the procedural history of this case.

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

We address first Williams's challenge to the district court's dismissal of her claims brought under Section 1 of the Sherman Act, which proscribes in pertinent part "[e]very contract, combination . . . , or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. Williams asserts that Citigroup entered into conspiracies with other banks, ASF bond underwriters, rating agencies, airlines, municipalities, and other entities to boycott Williams's structure. After review of the allegations in Williams's complaint, we conclude that Williams has failed to plead "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. For substantially the reasons stated by the district court in its thorough and well-reasoned discussion of Williams's federal antitrust claims, *see Williams v. Citigroup, Inc.*, No. 08 CV 9208(LAP), 2009 WL 3682536, at *2-6 (S.D.N.Y. Nov. 2, 2009), we agree that the complaint failed to place its allegations of parallel conduct "in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action," and does not otherwise provide "plausible grounds to infer an agreement." *Twombly*, 550 U.S. at 556-57.

Nor do we detect any error in the district court's dismissal of Williams's claims under Section 2 of the Sherman Act. To state a claim for monopolization under this section, a plaintiff must allege that the defendant both possessed monopoly power in the relevant market and willfully acquired or maintained that power through anticompetitive conduct. *See Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004). We have

3

held that where, as here, the alleged monopolization is based on a monopolist's refusal to deal, the plaintiff must allege that the defendant terminated a prior, voluntary course of dealing. *In re Elevator Antitrust Litig.*, 502 F.3d 47, 52 (2d Cir. 2007) (per curiam). On appeal, Williams argues that her complaint sufficiently pleaded this element based on her allegations that a Citigroup executive, after hearing Williams's pitch, exclaimed, "We are going to mint money on this idea! Thank you!", App. 61, and that after information about Williams's structure became known to managers responsible for ASF bond underwriting, Citigroup refused to deal with her and prevented its employees from promoting the structure, *id.* at 64. Because these allegations are patently insufficient to plead a prior, voluntary course of dealing, *cf. Trinko*, 540 U.S. at 408-10, the district court properly dismissed these claims.[2]

For the foregoing reasons, we **AFFIRM** the judgment insofar as it dismissed Williams's federal claims. For the reasons stated in our accompanying opinion, we **VACATE** both the order denying Williams's postjudgment motion for leave to replead and so much of the judgment as retained supplemental jurisdiction over and dismissed Williams's state law claims. We **REMAND** the case for further proceedings consistent with the opinion. Any further appeal will be referred to this panel, and the party taking appeal shall advise the Clerk of Court of this direction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] We do not reach the other aspects of the district court's dismissal of the Section 2 claim, including Williams's contentions in a footnote of her brief regarding the monopolizing effect of certain alleged features of ASF bond issuances, as Williams has failed to preserve these issues for appellate review. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005); *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993).