13-3427-cv
*Abdelgadir Aboeid, et al. v. Saudi Arabian Airlines Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> > *Circuit Judges*,
> J. GARVAN MURTHA,*
> > *District Judge.*

_____

ABDELGADIR ABOIED, on behalf of his seven minor children,
MONA ABDELGADIR,

> *Plaintiffs-Appellants*,

> v.                                                                          13-3427-cv

SAUDI ARABIAN AIRLINES CORPORATION,

> *Defendant-Appellee*.

_____

FOR APPELLANTS:          THATCHER A. STONE, ESQ., Keswick, VA.

FOR APPELLEE:            STEPHEN J. FEARON, ESQ., New York, NY.

_____

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont sitting by designation.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Abdelgadir Aboeid and his wife, Mona Abdelgadir, on behalf of themselves and their seven minor children (collectively "Appellants" or "the Aboeid family") appeal the judgment of the district court, entered on August 26, 2013, finding no liability on the part of Defendant-Appellee Saudi Arabian Airlines Corporation ("Appellee" or "SAA") as to their claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of their civil rights under 42 U.S.C. § 1981 as well as New York Executive Law § 296. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. For the reasons that follow, we affirm the district court's thorough and well-reasoned decision.

"Following a civil bench trial, we review a district court's findings of fact for clear error, and its conclusions of law *de novo*; resolutions of mixed questions of fact and law are reviewed *de novo* to the extent that the alleged error is based on the misunderstanding of a legal standard, and for clear error to the extent that the alleged error is based on a factual determination." *Diebold Found., Inc. v. Commissioner*, 736 F.3d 172, 182 (2d Cir. 2013).

First, with respect to Appellants' race discrimination claim, the district court accurately determined that the Aboeid family failed to show "*both* that [the airline's non-discriminatory] reason was false, *and* that discrimination was the real reason" for its actions toward Appellants during the check-in process for their outbound flight from John F. Kennedy International Airport. *St Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).

Second, a review of the record indicates that the district court correctly concluded that Appellants were under the obligation to arrive "early enough to complete departure procedures." It was also established at trial that passengers who purchase their plane tickets electronically, as the Aboeid family did, are advised at the time of purchase that SAA flight check-ins close one hour prior to departure. Although Appellants argue that they never had actual knowledge of this term and condition, the district court did not clearly err when it found that "[b]ecause Plaintiffs purchased their tickets electronically, they were aware of Saudi Airline's check-in requirements." *Aboeid v. Saudi Arabian Airlines Corp.*, 959 F. Supp. 2d 300, 307 (E.D.N.Y. 2013). Under the circumstances presented, the Appellants were presumed at least to have constructive knowledge of the requirements applicable to their arrival and check-in at the airport. *Cf. Consol. Edison Co. of N.Y. v. United States*, 221 F.3d 364, 371 (2d Cir. 2000) ("In general, individuals are charged with knowledge of the contents of documents they sign—that is, they have 'constructive knowledge' of those contents."). Because the Aboeid family arrived at the SAA check-in counter in King Abdulaziz International Airport in Jeddah sometime after 1:20 a.m., less than an hour prior to departure, Appellants failed to show by a preponderance of the evidence that they performed their obligation under the contract. *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (discussing a plaintiff's burden of proof for a breach of contract claim).

Based on these findings and SAA's no-show policy, the district court also correctly held that Appellants were not entitled to "Denied Boarding Compensation" because they "ultimately bore responsibility for timely checking in." *Aboeid*, 959 F. Supp. 2d at 307 n.3. Additionally, we note that Appellants' contention that the district court relied on the Delta Air Lines contract in *Giuffre v. Delta Air Lines, Inc.*, No. 10-cv-1462, 2012 WL 3988981, at *5 (E.D.N.Y. Sept. 11, 2012) is completely misguided. It is apparent that the district court merely applied the

holding in *Giuffre* to the facts involved here and did not consider the contract at issue in *Giuffre* to be evidence in this case.

Finally, we have held that in some circumstances, evidentiary issues "may be preserved by a motion *in limine* when the issue is one that (1) is fairly presented to the trial court, (2) may finally be decided before trial, and (3) is the subject of a definite ruling by the trial judge." *Rosenfeld v. Basquiat*, 78 F.3d 84, 90 (2d Cir. 1996). Appellants raised objections to SAA's expert testimony in a motion *in limine* and as part of the Joint Pre-Trial Order submitted by the parties. The district court, however, did not issue a formal ruling concerning these motions. Moreover, while Appellants' counsel claims that these objections were renewed at trial, he states in a footnote that they "can't be found in the record." Appellants Reply Br. at 26 n.13. We agree, as we cannot find them ourselves. Appellants further contend that the district court ignored their expert's report. Nevertheless, although the district court declined to consider Appellants' expert report at the summary judgment stage, nothing precluded Appellants from seeking to enter the report into evidence at trial. In fact, Appellants' expert was listed as a witness on the Joint Pre-Trial Order but was never called to testify. Moreover, at no time during the bench trial did Appellants request the *Daubert* hearing they now claim to have been entitled to. Accordingly, Appellants failed to preserve these issues for appeal.

We have considered all of Appellants' other contentions on appeal, including the supplemental arguments accompanying the documents filed on April 29, 2014, and find them to be without merit.[1]

---

[1] In footnotes 8 and 16 of their Brief, Appellants ostensibly raise a number of challenges to the district court's procedural rulings and conduct during the bench trial. It is unclear what Appellants would have us do with respect to these items, and Appellee has not responded to them. Because it is well-established that arguments uniquely presented to us in footnotes are not entitled to consideration on appeal, s*ee, e.g.*, *Concourse Rehabilitation & Nursing Ctr. Inc. v. DeBuono*, 179 F.3d 38, 47 (2d Cir. 1999); *United States v. Mapp*, 170 F.3d 328, 333 n.8 (2d Cir. 1999); *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993), we decline to address them.

The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk