16-2439-cv
Lambe v. Atlas Solar Holdings LLC.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand seventeen.

Present:     JON O. NEWMAN,
            ROSEMARY S. POOLER,
            PETER W. HALL,
                    *Circuit Judges*.

_____

TROY LAMBE, SUNRAY SOLAR INC., MAX
DIVERSIFIED INC.,

            *Plaintiffs-Counter-Defendants-Appellees*,

            v.                                              16-2439-cv

ATLAS SOLAR HOLDINGS, LLC, YOSSEF KAHLON,
AKA JOSSEF KAHLON,

            *Defendants-Counter-Claimants-Appellants*.

_____

Appearing for Appellants:     Kathryn C. Cole, Farrell Fritz, P.C.(James M. Wicks, Sarah M. Baird, *on the brief*), Uniondale, NY

Appearing for Appellees:     Paul W. Verner, Verner Simon, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Atlas Solar Holdings, LLC and Yossef Kahlon (together, the "Kahlon Defendants") appeal from (1) the February 2, 2016 judgment in favor of plaintiffs Troy Lambe, Sunray Solar Inc., and Max Diversified Inc. (together, "Plaintiffs") entered in the United States District Court for the Eastern District of New York (Wexler, *J.*); (2) the January 29, 2016 order granting Plaintiffs' motion for a directed verdict on the Kahlon Defendants' counterclaim for fraud; and (3) the July 1, 2016 order denying the Kahlon Defendants' motion to amend the judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Kahlon Defendants argue that the district court exceeded its discretion in not allowing them to seek a post-judgment setoff against the jury award pursuant to New York General Obligations Law § 15-108. We disagree. "[T]he New York Court of Appeals warned that 'as an affirmative defense, General Obligations Law § 15–108(a) must be pled by a tortfeasor seeking its protection.'" *Schipani v. McLeod*, 541 F.3d 158, 161 (2d Cir. 2008) (citing *Whalen v. Kawasaki Motors Corp., U.S.A.*, 92 N.Y.2d 288, 292 (1998)). A party may move "at any point before final judgment is entered" to amend its answer to assert a setoff pursuant to Section 15-108. *Id.* at 159.

The Kahlon Defendants argue amendment of their answer was unnecessary because their answer already pled a setoff as an affirmative defense. Their answer pled, in relevant part, that:

> The relief sought by Plaintiff against Defendants, if any be found, must be set off, reduced, abated and/or apportioned to the extent that Plaintiff's actions or omissions or bad faith caused or contributed to the damages and/or to the extent that Plaintiff's actions and/or omissions caused damage to Defendants.

App'x at 142.

This pleading is inadequate because the setoff it describes was to occur "to the extent that Plaintiff's actions or omissions or bad faith caused or contributed to the damages . . . ." A plain reading of the defense, as pled, means any award to the Plaintiffs must be decreased to the extent that the Plaintiffs caused or contributed to the damages. The answer does not satisfy New York's requirement that a Section 15-108 setoff be pled as an affirmative defense.

The district court did not exceed its discretion in denying the motion to amend post-judgment. "When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactly." *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990).

Moreover, the Kahlon Defendants failed to properly preserve this issue for appeal. The Kahlon Defendants make their argument regarding the district court's denial of its motion to

amend in a footnote in their opening brief. Appellants' Br. at 36 n. 13. "We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review." *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993). In their reply brief, the Kahlon Defendants reverse their position by stating in a footnote that they are not seeking to amend the answer. Appellants' Reply Br. at 7 n.5 ("we do not seek to amend our Answer.").

We have considered the remainder of the Kahlon Defendants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3