17-2900
*United States v. Coll*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand and nineteen.

Present:
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
            *Circuit Judges*.[*]

UNITED STATES of America,

                    *Appellee*,

        v.                                          17-2900

Brian COLL,

                    *Defendant-Appellant*,

_____

[*] Judge Debra A. Livingston, originally a member of this panel, recused herself from consideration of this matter. The remaining members of this panel, who agree on the outcome, have decided this case pursuant to Second Circuit Internal Operating Procedure E(b).

Anthony Torres, Byron Taylor,
                                        *Defendants*.

---

For the Defendant-Appellant:          DONNA ALDEA (Bruce Barket, *on the brief*),
                                      Barket Epstein & Kearon LLP, Garden City, NY.

For the Appellee:                     JEANNETTE A. VARGAS, (Martin S. Bell,
                                      Andrew D. Beaty, *on the brief*), Assistant United
                                      States Attorneys, *for* Geoffrey S. Berman, United
                                      States Attorney for the Southern District of New
                                      York, New York, NY.

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We assume the parties' familiarity with the matter and discuss the underlying facts and law only as necessary to resolve the issues before us. Defendant Brian Coll, a former Rikers Island correction officer, appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*). The Government charged Coll under 18 U.S.C. § 242 with violating the civil rights of Ronald Spear, a pretrial detainee at Rikers, and with causing Spear's death by repeatedly kicking him in the head while two other correction officers restrained him on the floor. The Government also charged Coll with obstructing and conspiring to obstruct justice by covering up the circumstances surrounding Spear's death. Following a trial, a jury convicted Coll and the district court sentenced him to 360 months' imprisonment.

**ANALYSIS**

Coll makes three arguments on appeal: (1) that the jury lacked sufficient evidence to find that his kicks caused Spear's death; (2) that the district court erroneously instructed the jury on the "death resulting" element of the 18 U.S.C. § 242 charge; and (3) that his 360-month sentence is both procedurally and substantively unreasonable.

**I.      The Evidence Was Sufficient for the Jury to Find that Coll Caused Spear's Death by Repeatedly Kicking Him in the Head.**

"We review a claim of insufficient evidence *de novo*." *United States v. Novak*, 443 F.3d 150, 157 (2d Cir. 2006) (quoting *United States v. Lewter*, 402 F.3d 319, 321 (2d Cir. 2005)). However, a defendant who challenges a jury verdict "faces a heavy burden, because we must view the evidence in the light most favorable to the government and ask only whether a rational jury could find beyond a reasonable doubt that the [defendant] intended or contemplated some harm to the [victim]." *Id.* (quoting *United States v. Frank*, 156 F.3d 332, 335 (2d Cir. 1998) (per curiam)).

In *Burrage v. United States*, 571 U.S. 204 (2014), the Supreme Court interpreted the phrase "results from" in the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A), as carrying its "ordinary meaning[:] . . . actual causality."[1] *Burrage*, 571 U.S. at 210–11. *Burrage* explained that an act is the but-for cause of death when it "combines with other

---

[1] Both sides agree that *Burrage* controls here. We assume without deciding that it does.

factors to produce the result, so long as the other factors alone would not have done so." *Id.* at 211.

The Government presented unrebutted evidence that Coll repeatedly kicked Spear in the head. One witness testified that Coll kicked Spear, "with a lot of force," like "he was kicking a field goal." Trial Tr. 200, 320. One of the Government's medical experts testified that Spear would have lived had he not suffered blunt force trauma to the head and that these kicks, without any preceding takedown, would have been independently sufficient to cause even a healthy person to suffer a fatal cardiac arrhythmia. Trial Tr. 751-52. Viewing the evidence in the light most favorable to the Government, we conclude that a rational jury could have found beyond a reasonable doubt that Coll's kicks were the actual cause of Spear's death.

## II. The Jury Instructions Conveying the Legal Standard for the "Death Resulting" Element Were Not Plainly Erroneous.

Coll next argues that the jury instructions improperly conveyed the standards for proximate and but-for causation, both of which the Government must prove to establish that "death result[ed]" from Coll's conduct.[2] *See* 18 U.S.C. § 242.

---

[2] Despite requesting a proximate cause instruction at trial, the Government now contends that whether 18 U.S.C. § 242 contains a proximate cause requirement is "unsettled" and suggests that we adopt the reasoning of one of our cases interpreting a similarly worded statute. Gov't Br. 35; *see also* Gov't Jan. 24, 2019 Rule 28(j) Letter at 1. While it is true that we have interpreted the phrase "death results" in 18 U.S.C. § 241 (conspiracy to deprive a citizen of his civil rights) to require proximate cause, *see United States v. Guillette*, 547 F.2d 743, 749 (2d Cir. 1976), we see no reason to resolve that issue at this time given the Government's position at trial.

4

### A.  Proximate Cause Instruction

In the proceedings below, defense counsel made only a blanket objection to the proximate cause instruction. This objection was not specific enough to put the court on notice of Coll's concerns. When the court provided defense counsel an opportunity to elaborate on the blanket objection, defense counsel raised only an unrelated point. "[W]here a defendant fails to make a specific and timely objection to a district court's legal instructions, we typically review those instructions only for plain error." *United States v. Bahel*, 662 F.3d 610, 634 (2d Cir. 2011). Accordingly, our review is for plain error.[3] "For an error to be a plain error or a defect affecting substantial rights, it must be a clear or obvious deviation from current law that affected the outcome of the district court proceedings." *United States v. Svoboda*, 347 F.3d 471, 484 (2d Cir. 2003) (brackets, quotation marks, and citations omitted).

Coll contends that the portion of the charge stating that "the government need only prove that bodily injury or death was a natural and foreseeable result of the acts," App. 72, erroneously referenced "bodily injury." He argues that this language could have allowed the jury to convict Coll for causing Spear's death even if it concluded that only

---

[3] In footnotes to his reply brief, Coll argues for the first time that if his counsel in fact failed to raise a specific and timely objection to this portion of the jury charge that we should vacate his conviction for ineffective assistance of counsel. We take no position on this question and instead decline to address it because arguments raised for the first time in a reply brief are not preserved for appeal, *DeFabio v. E. Hampton Union Free Sch. Dist.*, 623 F.3d 71, 80 (2d Cir. 2010) (per curiam), and arguments raised only in footnotes are not preserved for appeal, *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) (per curiam).

bodily injury, rather than death, was a natural and foreseeable result of Coll's conduct. Even assuming for the sake of argument that this language were erroneous, any error would not have prejudiced Coll because the Government presented overwhelming evidence that death itself was a natural and foreseeable result of Coll repeatedly kicking Spear, whom he knew suffered from serious health problems, in the head. We thus find no plain error in this instruction.

### B. But-for Cause Instruction

Coll asked the district court to instruct the jury on the "independently sufficient cause" theory as an alternative to but-for causation. Under this theory, the Government may prove that a defendant's actions were the actual cause of someone's death when "multiple sufficient causes independently, but concurrently, produce a result." *Burrage*, 571 U.S. at 214.

Coll's proposed independent sufficiency charge included much of the language to which he now objects. But Coll later submitted a letter to the court proposing several amendments to this language. He also objected to the independent sufficiency charge "in its entirety," arguing that the independent sufficiency language from *Burrage* was dicta. App. 53. The district court declined to adopt Coll's amendments during a charging conference the following day. Coll objected, but he did not repeat his *Burrage* argument or provide any specific reason why the instruction was incorrect. We therefore review for plain error.

6

Even if it were improper for the district court to instruct the jury on independent sufficiency, any error in this instruction would not have prejudiced Coll because the Government presented sufficient evidence that Coll's conduct was the actual cause of Spear's death, rather than one amongst multiple independently sufficient causes. Accordingly, we find no plain error in the challenged instruction.

## III.    Coll's 360-Month Sentence Was Not Unreasonable.

We review a district court's sentencing decision under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This means "de novo review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)).

Coll contends that his 360-month sentence is procedurally unreasonable because the district court erroneously calculated the Guidelines range for his crime by reference to the base offense level for second-degree murder, when it should have used the base offense level for involuntary manslaughter or criminally negligent homicide.

Section 2H1.1(a)(1) of the Guidelines requires the district court to apply the greatest applicable base offense level when sentencing individuals convicted under 18 U.S.C. § 242. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2H1.1(a)(1) (U.S. Sentencing Comm'n 2016). The district court applied the base offense level for second-

degree murder upon finding that Coll had acted with malice aforethought. *See* 18 U.S.C. § 1111(a) (requiring "malice aforethought" for second-degree murder). After accounting for Coll's criminal history level of 1 and various enhancers, the Guidelines recommend a sentence of life imprisonment. *See* U.S.S.G. § 5A.

We find no clear error in the district court's selection of second-degree murder as the most serious underlying offense. The Government presented ample evidence that Coll waited several minutes after an initial altercation before repeatedly kicking Spear—who was fully restrained and lying prone on the floor—in the head. Even if Coll did not intend to kill or seriously injure Spear, his conduct clearly manifested a reckless indifference to whether Spear lived or died. Moreover, the alleged provocation offered by an already frail Spear—specifically, the push to Coll's chest and the kicks to his shins—was not objectively sufficient to arouse the passions of a reasonable correction officer. Thus, the district court correctly concluded that Coll acted with malice aforethought. *See United States v. Velazquez*, 246 F.3d 204, 214 (2d Cir. 2001) ("Extremely negligent conduct, which creates what a reasonable man would realize to be not only an unjustifiable but also a very high degree of risk of death or serious bodily injury to another or to others—though unaccompanied by any intent to kill or do serious bodily injury—and which actually causes the death of another, may constitute murder." (quoting 2 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 7.4, at 200 (2d ed. 1986))).

Coll also argues that the district court procedurally erred by applying a "vulnerable victim" enhancement to his sentence. *See* U.S.S.G. § 3A1.1(b)(1). Coll contends that he was unaware of the full extent of Spear's health problems and that, in his view, Spear was the initial aggressor. The vulnerable-victim enhancement applies when a defendant harms someone "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* § 3A1.1(b)(1) & cmt. n.2. Coll knew Spear was housed in an infirmary unit, that he walked with a cane, and that he received regular dialysis treatment. Coll also attacked Spear while two other correction officers held Spear to the ground, leaving Spear unable to defend himself. Thus, even if Spear had been the "initial aggressor" in his altercation with Coll, Spear was vulnerable when Coll assaulted him. We thus find no clear error in the court's decision to apply this enhancement.

Finally, Coll argues that his below-Guidelines sentence was substantively unreasonable because it was disproportionately severe and the district court gave insufficient weight to certain factors outlined in 18 U.S.C. § 3553(a). A substantively unreasonable sentence is one that is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" such that allowing it to stand would "damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). The record demonstrates that the district court thoughtfully and carefully considered the 18 U.S.C. § 3553(a)

9

factors. Moreover, the district court acknowledged Coll's sentencing-disparity argument, but it nevertheless determined Coll deserved a lengthy sentence because of "the particular wantonness and callousness and viciousness of [his] attack." App. 218. Based on the gravity of Coll's crimes, we hold that his sentence is not substantively unreasonable.

## CONCLUSION

We have considered Coll's remaining arguments and find that none warrant reversing his conviction or vacating his sentence. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk